UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA LERMA, | No. 2:12-cv-1363 KJM GGH PS |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA EXPOSITION AND STATE FAIR POLICE, et al., | |
| Defendants. | |

Pending before this court is defendants' motion to compel discovery, filed October 7, 2013. The parties filed a joint statement on October 21, 2013, and the matter was taken under submission without a hearing on October 23, 2013. Having reviewed the joint statement and the papers filed in conjunction with it, the court now issues the following order.

Plaintiff has filed an action concerning her attempt to enter a water park at California Exposition and State Fair on April 20, 2012 with a service dog and her children, but alleges that she was refused access and reasonable accommodations under ADA.

Defendants have moved to compel the completion of plaintiff's deposition which was initiated on September 10, 2013, but during which time plaintiff refused to answer questions and then terminated the deposition, refusing to complete it. Defendants also seek to compel responses to special interrogatories, and requests for production of documents, which were served on

August 20, 2013, but to which plaintiff has not responded.[1]  Defendants assert that in response to their attempts to meet and confer and requests for discovery, plaintiff responded, "No is the answer just as your defendants answered no to allowing my family and our dog into the park." The discovery deadline in this case is November 14, 2013.  (ECF No. 21.)

The joint statement indicates that plaintiff appeared for deposition but refused to answer the most basic questions concerning her case, all of which were relevant.  Questions asked included, "do you have any sort of disability," "tell me about your dog," and "what kind of a dog [is it]?"  Plaintiff responded to many of the questions by stating, for example, "I will not talk about it today [because I don't want to]," "I can't answer it [because I don't want to]," "I don't want to say," and "this deposition is finished."  According to defendants, plaintiff filed no responses to their written discovery.  After filing the motion to compel, defendants contend that plaintiff did not respond to their meet and confer efforts pursuant to E.D. Local Rule 251.

Plaintiff's portion of the joint statement does not address the discovery issues raised by defendants, but is a stream of consciousness narrative about the Constitution.  For example, plaintiff states,

> Congress shall be in agreement with Regina V. Gomez Lerma to make all laws which shall be necessary and proper for carrying into execution the foregoing power and all other powers vested into this constitution in the government of the United States or in any department.  This grant me Regina V. Gomez Lerma the power to compel you to grant me that power of not having to meet with the defendants attorney for disposition and any other request by the defending parties.

(ECF No. 25 at 7.)  Plaintiff adds that she has "every right to not in giving any further statement only that the court please grant me my requests.  Including that congress grant me what we know is due to monetarily."  (Id.)  Apparently plaintiff believes she can win her case merely by filing a complaint, with no requirement that she prove her case, and that she will then be awarded a monetary judgment.  The law does not operate in this manner.

/////

---

[1] Defendants state that they propounded four document requests and ten interrogatories.

1     The Federal Rules of Civil Procedure require the parties to participate in discovery, and provides for the imposition of serious sanctions for the failure to do so. See Fed. R. Civ. P. 26 – 37. These rules prescribe the general parameters of discovery:

> Unless otherwise limited by court order, parties may obtain discovery regarding any non-privileged manner that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b). Relevance in discovery is defined very broadly. Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "District courts have broad discretion in determining relevancy for discovery purposes." Survivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005).

    Here, plaintiff has utterly failed to meet her discovery obligations. She may not haul parties into court by filing an action and then refuse to participate in her own case.

    Accordingly, IT IS ORDERED that:

    1. Plaintiff shall appear for her deposition on November 6, 2013 at 10:00 a.m. Plaintiff shall provide answers to all questions regarding her claims and background, with the exception of any privileged information.

    2. Plaintiff shall provide responses to all written discovery, including production of responsive documents, on November 6, 2013 at 10:00 a.m. Failure to comply with this order may result in sanctions, including the possibility that this action may be dismissed.

Dated: 10/24/13

                                            /s/ Gregory G. Hollows

                                      UNITED STATES MAGISTRATE JUDGE

GGH:076/Lerma1363.dep