UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA LERMA, | No. 2:12-cv-1363 KJM GGH PS |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| CALIFORNIA EXPOSITION AND STATE FAIR POLICE, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se with this action.[1] On November 14, 2013, defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 29.) The motion was noticed for hearing on December 12, 2013. (Id.) Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the pending motion at least fourteen (14) days prior to the hearing date, i.e., by December 2, 2013.[2] See E.D. Cal. L.R. 230(c).[3] Although that deadline has now passed, the court's docket

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Because November 28 and 29, 2013 were court holidays, the filing deadline was extended to the next available court date which was Monday, December 2, 2013. Fed. R. Civ. P. 6(a).

[3] More specifically, Eastern District Local Rule 230(c) provides:

   **(c) Opposition and Non-Opposition.** Opposition, if any, to the

1

1  reveals that plaintiff failed to file a written opposition or statement of non-opposition with respect
2  to the motion for summary judgment.
3      Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply
4  with these Rules or with any order of the Court may be grounds for imposition by the Court of
5  any and all sanctions authorized by statute or Rule or within the inherent power of the Court."
6  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

11  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the
12  same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in
13  accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's
14  case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his
15  or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the
16  court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a
17  court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation
18  Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss
19  an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to
20  prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46
21  F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a
22  proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)
23  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

---

> granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

In light of plaintiff's pro se status, plaintiff will be provided with one final additional opportunity to oppose defendants' motion for summary judgment, if plaintiff intends to do so.

If plaintiff elects to oppose the motion for summary judgment, plaintiff shall file her opposition and supporting materials in compliance with Local Rule 260. In particular, Local Rule 260(b) provides, in part, that:

> Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. See L.R. 133(j).

E.D. Cal. L.R. 260(b). Failure to comply with these provisions may result in any appropriate sanctions, including that defendants' proposed undisputed facts may be deemed undisputed for purposes of the motion for summary judgment.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. The December 12, 2013 hearing on defendants' motion for summary judgment is **vacated** and will be taken under submission after the time has passed for plaintiff's opposition (and defendants' reply) to be filed.

2. Plaintiff shall file any opposition in accordance with this order, the Federal Rules of Civil Procedure, and the Local Rules by **December 17, 2013**. Plaintiff is cautioned that failure to file a timely and compliant opposition to the motion for summary judgment will be deemed a statement of non-opposition to the motion, and may result in a recommendation of dismissal of the entire action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

3. Defendants may file a reply brief to plaintiff's opposition, if any, no later than December 24, 2013.

Dated: December 3, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Lerma1363.msj-osc